DECISION.
Defendant-appellant Nairobi Teasley was charged in a single-count indictment with aggravated murder in connection with the shooting death of Angelic Hayden. The charge carried two firearm specifications. A jury trial concluded in a verdict of guilty. The trial court sentenced the appellant as appears of record and entered judgment accordingly.
From that judgment, the appellant has taken the instant appeal, in which he advances three assignments of error. Finding no merit to any of these challenges, we affirm the judgment of the trial court.
 I.
We address first the appellant's second assignment of error, in which he contends that the trial court erred by not permitting the appellant to represent himself at trial. We find no merit to this contention.
The Sixth Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment, affords a criminal accused "an independent * * * right of self-representation." This right permits the accused "to defend himself without counsel when he voluntarily, and knowingly and intelligently elects to do so." State v. Gibson (1976), 45 Ohio St.2d 366,345 N.E.2d 399, paragraph one of the syllabus (citingFaretta v. California [1975], 422 U.S. 806, 95 S.Ct. 2525).
We find nothing in the record of the proceedings below that might be construed as an express or implicit request by the appellant to represent himself at trial. To the contrary, the record shows that the appellant affirmatively waived his right of self-representation, when, in response to the trial court's direct inquiry, he emphatically and unequivocally disavowed a desire to proceed pro se. See State v. Keenan (1998), 81 Ohio St.3d 133,138, 689 N.E.2d 929, 939 (holding that defendant waived the related right to present his closing argument to the jury, when he stated to the trial court that his request to participate as "co-counsel" to appointed counsel was not a request to argue to the jury).
The court below cannot, upon this record, be said to have deprived the appellant of his constitutionally-secured right of self-representation. We, therefore, overrule the second assignment of error.
 II.
We turn next to the appellant's third assignment of error, in which he asserts that he was denied his constitutional right to a fair trial by various instances of prosecutorial misconduct. Prosecutorial misconduct will not provide a basis for overturning a criminal conviction, unless, on the record as a whole, the misconduct can be said to have deprived the appellant of a fair trial. State v. Lott (1990), 51 Ohio St.3d 160, 166,555 N.E.2d 293, 301. Applying this standard, we find no merit to any aspect of this challenge.
The appellant contends that the assistant prosecutor improperly alluded to matters not in evidence, when he cross-examined the appellant and his mother regarding an acquaintance's out-of-court statements that the appellant dealt cocaine and that he had attempted to purchase from the acquaintance a handgun. The trial court sustained defense counsel's objections to this line of inquiry. On the record before us, we are unable to conclude that these alleged instances of prosecutorial misconduct, either separately or together, deprived the appellant of a fair trial.
The appellant also cites, without the requisite specificity or elaboration,[1] a number of remarks by the assistant prosecutor in his closing argument that, the appellant claims, improperly alluded to matters not of record, mischaracterized the evidence adduced at trial, and vouched for the credibility of the state's witnesses. Defense counsel offered no objection to these remarks. The appellant is thus precluded from predicating error on these alleged improprieties, unless they rise to the level of plain error. See Crim.R. 52(B); State v. Slagle (1992), 65 Ohio St.3d 597,604, 605 N.E.2d 916, 924-925. On the record before us, we cannot say that, but for these remarks, either individually or in the aggregate, the outcome of the appellant's trial would have been otherwise. See Slagle, supra at 604-605, 605 N.E.2d at 925. We, therefore, overrule the appellant's third assignment of error.
 III.
We address finally the appellant's first assignment of error, in which he contends that he was denied the effective assistance of counsel. We find no merit to this contention.
The Ohio Supreme Court in State v. Lytle (1976), 48 Ohio St.2d 391,358 N.E.2d 623, established a two-step inquiry into the question of whether a criminal defendant has been denied the effective assistance of counsel:
 First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness.
Id. at 396-397, 358 N.E.2d at 627; see, also, Stricklandv. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052; Statev. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. Trial counsel's performance will not be deemed ineffective unless the appellant shows that "counsel's representation fell below an objective standard of reasonableness," Strickland, supra
at 688, 104 S.Ct. at 2064, and that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Bradley, supra at 143, 538 N.E.2d at 380.
 A.
The appellant contends that he was denied the effective assistance of counsel by trial counsel's failure to file a pretrial motion to suppress certain identification testimony. This contention is feckless.
The Due Process Clause may require the exclusion at trial of identification testimony obtained through an unnecessarily suggestive identification procedure. An accused who seeks to preclude such testimony bears the burden of demonstrating that the identification procedure employed was both suggestive and unnecessary and that the testimony will be unreliable under the totality of the circumstances. Manson v. Braithwaite
(1977), 432 U.S. 98, 113-114, 97 S.Ct. 2243, 2252-2253.
Several prosecution witnesses, both before and at trial, identified the appellant as the man depicted in a security-camera photograph, descending the stairs leading from the victim's apartment moments after the victim was shot. Defense counsel sought, but failed, to elicit on cross-examination of each witness testimony to establish the suggestive nature of the procedure employed by law enforcement officials to secure the witness's identification. In the absence of such testimony, the record before us provides no basis upon which we might conclude that the suppression of any witness's identification testimony would have been warranted. Therefore, the appellant has failed to sustain his burden of proving that defense counsel violated an essential duty by failing to file a motion to suppress. See State v. Mills
(1992), 62 Ohio St.3d 357, 370, 582 N.E.2d 972, 985.
 B.
The appellant further contends that he was denied the effective assistance of counsel, when his counsel failed to conduct a meaningful cross-examination of certain prosecution witnesses, failed to interview principal defense witnesses until shortly before trial, failed to investigate a possible alibi witness whom the prosecution had disclosed in supplemental discovery shortly before trial, and failed to offer timely objections to improper remarks by the assistant prosecutor during his closing argument. Our examination of record of the proceedings below does not disclose a reasonable probability that, but for these alleged omissions, either individually or in the aggregate, the result of the trial would have been different. We are, therefore, unable to conclude that the appellant was prejudiced by defense counsel's performance in these respects. See Bradley, supra.
 C.
Finally, the appellant asserts that he was denied the effective assistance of counsel by defense counsel's failure to withdraw from representing him at trial. In reviewing a challenge to trial counsel's effectiveness, we must presume counsel's competence. See Strickland, supra at 689, 104 S.Ct. at 2065. Therefore, a challenge on appeal to trial counsel's effectiveness cannot be predicated solely upon defense counsel's status as trial counsel to a reluctant or recalcitrant client. The success of this challenge in this context instead depends upon proof of some outcome-determinative incompetence on the part of defense counsel at trial.
We have examined and found baseless the instances of alleged incompetence cited by the appellant on appeal, and our review of the record discloses no other such act or omission. Therefore, we cannot say that the appellant was denied the effective assistance of counsel by defense counsel's failure to withdraw from representing him at trial.
Accordingly, we overrule the first assignment of error.
Finding no error prejudicial to the appellant in the proceedings below, we affirm the judgment of the trial court.
Judgment affirmed.
 Hildebrandt, P.J., Painter and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
[1] App.R. 16(A)(7) and Loc.R. 6(C)(3)(a) require an appellant's argument to contain citations to the parts of the record on which he relies. Here, the appellant's citations to the assistant prosecutor's allegedly improper remarks are contained only in his statement of the case and thus are not paired in any meaningful way with his argument in support of his first assignment of error that the assistant prosecutor improperly alluded to matters not of record, mischaracterized evidence, and vouched for witnesses' credibility.